# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMY WELCH** | **CIVIL ACTION** |
| **versus** | **NO. 12-553** |
| **TENSAS DETENTION CENTER** | **SECTION: "F" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Jimmy Welch, is a state prisoner incarcerated at the Tensas Detention Center, Waterproof, Louisiana. On August 11, 2009, he was convicted of possession of ecstacy under Louisiana law in Case No. 484-006 in the Orleans Parish Criminal District Court.[1] On

---

[1] State Rec., Vol. III of IV, transcript of August 11, 2009, at p. 65; State Rec., Vol. I of IV, minute entry dated August 11, 2009.

Also on August 11, 2009, petitioner was convicted of possession of marijuana under Louisiana law in Case No. 484-056 in the Orleans Parish Criminal District Court. On that same date, he was sentenced in that case to a term of six months in parish prison to be served concurrently with any sentence imposed in Case No. 484-006. State Rec., Vol. III of IV, transcript of August 11, 2009, at pp. 65 and 67; State Rec., Vol. II of IV, minute entry dated August 11, 2009. He appealed that

September 16, 2009, he pleaded guilty to being a quadruple offender and was sentenced as such to a term of twenty years imprisonment without benefit of probation or suspension of sentence.[2] On February 2, 2011, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction.[3] Petitioner did not seek review of that judgment in the Louisiana Supreme Court.

On February 6, 2012, petitioner filed the instant application for federal *habeas corpus* relief. The state concedes that petitioner's federal application is timely.[4] However, as the state notes in its response, petitioner has not complied with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts which requires, *inter alia*, that a petition "specify all the grounds for relief available to petitioner" and "state the facts supporting each ground." In his federal application, petitioner left blank all sections relating to the statement of his claims.[5] Therefore, there are no claims for relief properly before this Court. Moreover, although the Court would normally

---

conviction to the Louisiana Fourth Circuit Court of Appeal; however, on February 2, 2011, the Court of Appeal transferred that appeal to the appellate division of the Orleans Parish Criminal District Court. State v. Welch, 59 So.3d 441 (La. App. 4th Cir. 2011); State Rec., Vol. III of IV. The state court record does not reflect what action was taken with respect to that appeal. Nevertheless, in any event, that six-month sentence expired long ago. An individual cannot seek federal *habeas corpus* relief with respect to a conviction for which the sentence imposed has fully expired. See Maleng v. Cook, 490 U.S. 488, 491-92 (1989); see also Champ v. Cooper, Civ. Action No. 11-2187, 2012 WL 396214, at *2-3 (E.D. La. Jan. 12, 2012), adopted, 2012 WL 396149 (E.D. La. Feb. 7, 2012); Emerson v. Louisiana, Civ. Action No. 10-1846, 2010 WL 5375984, at *2 (E.D. La. Nov. 18, 2010), adopted, 2010 WL 5376359 (E.D. La. Dec. 14, 2010).

[2] State Rec., Vol. I of IV, minute entry dated September 16, 2009; State Rec., Vol. I of IV, guilty plea form.

[3] State v. Welch, 59 So.3d 441 (La. App. 4th Cir. 2011); State Rec., Vol. III of IV.

[4] Rec. Doc. 17, p. 4.

[5] Rec. Doc. 2, pp. 5, 7, 8, and 10.

grant petitioner leave to amend his federal application to specify his claims for relief, that would be futile in this case because any and all claims he might seek to assert are currently barred from federal review for the following reasons.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's *highest court* in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). Because petitioner has filed no applications whatsoever with that court, any and all claims he might wish to assert in this federal proceeding would necessarily be unexhausted.[6]

---

[6] In its response, the state suggests that perhaps petitioner meant to assert here the same claims he asserted on direct appeal. The state argues that, if so, those claims are unexhausted and are therefore procedurally barred. Because petitioner did not file a writ application with the Louisiana Supreme Court to challenge the judgment of the Louisiana Fourth Circuit Court of Appeal, the claims he asserted on direct appeal are clearly unexhausted. Moreover, as the state notes, if petitioner now attempted to file such a writ application, the Louisiana Supreme Court would undoubtedly find the claims procedurally barred as untimely. See Louisiana Supreme Court Rule X, § 5(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."). Lastly, as the state notes, a federal *habeas* claim is procedurally defaulted if the "prisoner fail[ed] to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (internal quotation marks omitted). That said, the undersigned is reluctant to find any claims procedurally barred in this proceeding when it is unclear what claims petitioner intended to assert.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Jimmy Welch** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of July, 2012.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**